UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No:   6:18-cv-2147-Orl-37TBS

MARCGENSON MARC, TIANA
CHARACTER, LENORRIS LAMOUTE,
DOSULD PIERRE, SHIRLEEN THALES,
ADVANCED TAX SERVICES, INC.,
GENSON FINANCIAL GROUP, LLC and
CHARACTER FINANCIAL SOLUTIONS,
LLC,

    Defendants.

## ORDER

Plaintiff alleges that since 2013 Defendants, operating out of eight tax preparation stores located in six different cities and towns, collectively prepared more than 7,600 federal tax returns (Doc. 53 at 1-2). Two of the cities in which Defendants operated (Gainesville and Pensacola, Florida) are outside the Middle District of Florida (Id.). Plaintiff claims that Defendants knowingly prepared thousands of false returns to generate fraudulent refunds for their customers, and to maximize Defendants' profits (Doc. 1). This alleged scheme involved as many as twelve fraudulent practices including making false claims for the Earned Income Tax Credit; the fabrication of businesses and business related expenses; claiming false filing status such as Head of Household; fabricating itemized deductions; falsely claiming the federal Fuel Tax Credit; reporting inflated federal income tax withholdings; and claiming unavailable education credits (Id. ¶ 36). As a remedy, Plaintiff is seeking permanent injunctive relief and the disgorgement of money

received in the form of tax preparation fees for the preparation of federal tax returns (Doc. 1, ¶ 1).

Pending before the Court is Plaintiff's motion for leave to take up to 100 fact witness depositions (Doc. 53). The people Plaintiff wants to depose are primarily Defendants' customers, who, Plaintiff hopes, will provide evidence to show "the widespread and repeated nature of the false and fraudulent claims that the Defendants, and those acting at their direction, report on customers tax returns." (Id. at 2). Plaintiff advises that the Defendants who have not been defaulted object to the motion on the grounds that having to attend so many depositions will create a financial hardship for them, and that the depositions will produce evidence that is repetitive and redundant (Id. at 8). Despite these objections, no Defendant has filed a response in opposition to the motion. When a party fails to respond that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (collecting cases). The Court proceeds on the basis that the Defendants who have not been defaulted do not feel strongly about this motion because, if they did, they would have filed their written oppositions.

A party may not take more than ten depositions absent consent of the other parties or leave of court. FED. R. CIV. P. 30(a)(2)(A). At least two objectives underpin this requirement. The first is "to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties." Advisory Committee Note to the 1993 Amendment. The second is "to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case." Id.

Plaintiff has not taken any depositions in this case. Some courts hold that until a party has used all ten of its depositions a motion to take additional depositions is premature. See Cutugno v. Second Chance Jai Alai LLC, Case No. 5:11-cv-113-Oc-34PRL, 2012 U.S. Dist. LEXIS 144557 at *3 (M.D.Fla. Oct. 5, 2012) ("At best, Plaintiffs' request is premature as Plaintiffs filed their motion after only taking four depositions. Under these circumstances, the Court is unable to evaluate whether the number of needed depositions would necessarily exceed ten, whether the benefit of additional depositions would outweigh the burden or expense, and whether the desired depositions would be cumulative or duplicative.").

Ordinarily, before a court will allow more than ten depositions the moving party must justify the necessity of the depositions already taken. See F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A., Case No. 2:13-cv-208-FtM-38CM, 2014 WL 1047245 at *2 (M.D. Fla. Mar. 17, 2014); AIG Centennial Ins. Co. v. O'Neill, Case No. 09-60551, 2011 WL 4116555 at *16 (S.D. Fla. Oct. 18, 2010) ("Courts have construed Rule 30(a)(2)(A) FED. R. CIV. P., to require a party seeking leave of court to exceed the ten-deposition limitation to justify the necessity of each deposition previously taken without leave of court."); Royal v. Bahamian Ass'n, Inc. v. QBE Ins. Corp., Case No. 10-21511-CIV, 2010 WL 3003914 at *2 (S.D. Fla., July 29, 2010) ("[A] party seeking a court's leave to take more than ten depositions under Rule 30 'must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).'") (quoting Barrow v. Greenville Indep. Sch. Dist., 202 F.R.D. 480, 482 (N.D.Tex. 2001)); Bituminous Fire and Marine Ins. Corp. v. Dawson Land, No. 3:02-cv-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (A party seeking to exceed the presumptive number of depositions must make a "particularized showing of

why the discovery is necessary.") (quoting Archer Daniels Midland Co. v. Aon Risk Services, Inc., 187 F.R.D. 578, 586 (D. Minn. 1999).

The scope and nature of this action differentiate it from most other cases in which a party seeks to take more than ten depositions. Because the conduct attributed to Defendants occurred over such a long period of time, at so many different locations, included so many alleged schemes, and involved so many customers who are potential fact witnesses, the Court finds that strict compliance with the usual preconditions is not required. The Court is persuaded that the additional depositions are reasonably necessary and that there is no alternative method to obtain the same information as effectively, or less expensively than by deposing these people.[1] Accordingly, the motion is **GRANTED**. Plaintiff may take up to 100 fact witness depositions in this case. Plaintiff shall coordinate and schedule the depositions in an efficient manner to minimize the time and expense to all parties.

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties

---

[1] In prior, similar cases the Court has considered the same type and volume of testimony Plaintiff hopes to elicit here, when deciding motions for a preliminary injunction and summary judgment. See United States v. Demesmin, No. 6:17-cv-36-Orl-31KRS, 2017 WL 6059663, at *1 (M.D. Fla. Dec. 7, 2017); United States v. Stinson, 239 F.Supp.3d 1299, 1304 (M.D. Fla. 2017).