**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**v.**             **Case No:   6:18-cv-2147-Orl-37EJK**

**MARCGENSON MARC, TIANA**
**CHARACTER, LENORRIS LAMOUTE,**
**DOSULD PIERRE, SHIRLEEN**
**THALES, ADVANCED TAX**
**SERVICES, INC., GENSON**
**FINANCIAL GROUP, LLC and**
**CHARACTER FINANCIAL**
**SOLUTIONS, LLC,**

   **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court on the United States' Motion to Hold MarcGenson Marc, Advanced Tax Services, Inc., and Genson Financial Group, LLC in Contempt (the "Motion for Sanctions" or "Motion"). (Doc. 71.) Defendant, MarcGenson Marc, proceeding *pro se*, filed a response in opposition on November 5, 2019. (Doc. 73.) The Court heard oral argument on the Motion on December 5, 2019. (Doc. 79.) Upon consideration, I respectfully recommend that the Motion be granted in part and denied in part for the reasons set forth below.

**I.**  **BACKGROUND**

On December 17, 2018, Plaintiff, the United States, filed a complaint against Defendants, MarcGenson Marc, Tiana Character, Lenorris Lamoute, Dosuld Pierre, Shirleen Thales, Advanced Tax Services, Inc. ("Advanced Tax Services"), Genson Financial Group, LLC ("Genson Financial"), and Character Financial Solutions, LLC ("Character Financial"). (Doc. 1.) Therein, the United States seeks a permanent injunction against and disgorgement from Defendants for their

alleged participation in a fraudulent tax preparation enterprise, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408. (Doc. 1). Pertinent to this Motion are Defendants Marc, Advanced Tax Services, and Genson Financial ("Defendants").[1] (Doc. 73.) On January 10, 2019, Defendants filed their Answer to the Complaint. (Doc. 28.) At the time, they were represented by attorney David Garvin. (*Id.*).

On July 12, 2019, the United States filed a motion to compel against Defendants ("Motion to Compel"), in which it sought an order (1) compelling Marc, Advanced Tax, and Genson Financial to produce documents and records responsive to the United States' First Set of Requests for Production of Documents issued to each of the Defendants, and (2) requiring Marc to respond fully to two interrogatories contained in the United States' First Set of Interrogatories issued to him individually. (Doc. 59.) However, on July 30, 2019, Attorney Garvin moved to withdraw from his representation of Defendants ("Motion to Withdraw"), with their consent and without opposition from the United States. (Doc. 61.) Therefore, on July 31, 2019, I entered an order granting in part and taking under advisement in part the Motion to Withdraw, allowed Attorney Garvin to withdraw immediately as to his representation of Marc, so that he could proceed *pro se*, and allowed Advanced Tax Services and Genson Financial fourteen days to retain new counsel. (*Id.*) On August 26, 2019, I entered an order granting Attorney Garvin's motion to withdraw, as no attorney had appeared on behalf of Advanced Tax Services and Genson Financial. (Doc. 66.) In that Order, I advised Advanced Tax Services and Genson Financial that if they did not obtain new counsel, they could "suffer adverse rulings including, without limitation, default and the entry of default judgment." (*Id.* at 2.)

---

[1] On February 5, 2019, the Court entered default against Defendants Lamoute, Pierre, and Thales (Doc. 37.) On May 9, 2019, the Court entered a stipulated permanent injunction against Character and Character Financial. (Doc. 49.)

I also directed Marc to respond to the United States' outstanding Motion to Compel on or before September 3, 2019. (Doc. 67.) Marc did not respond to the Motion to Compel, so on September 17, 2019, I entered an order granting it. (Doc. 69.) Specifically, I ordered as follows:

1. Defendants Advanced Tax Services, Inc. and Genson Financial Group, LLC **SHALL** produce a written response and responsive documents to Requests for Production 1–2, 4, 12, 13, and 17–23 to the United States' First Set of Requests for Production of Documents **on or before September 30, 2019**.

2. Defendant Marcgenson Marc **SHALL** produce a written response and responsive documents to Requests for Production 1–3, 5, 11, 14, and 18–24 to the United States' First Set of Requests for Production of Documents, issued to him, **on or before September 30, 2019**.

3. Defendant Marcgenson Marc **SHALL** provide complete responses to Interrogatory Numbers 11 and 12 to the United States' First Set of Interrogatories issued to him **on or before September 30, 2019**.

(*Id.* at 3–4.) I once again advised Advanced Tax Services and Genson Financial that if they did not obtain counsel, they risked default. (*Id.*at 4.) I also noted that failure to comply with the order could result in the issuance of sanctions. (*Id.*)

On October 22, 2019, the United States filed the instant Motion for Sanctions against Defendants. (Doc. 71.) Therein, the Government argues that Defendants should be found in contempt of Court and sanctions should be entered against Defendants for violating my September 17, 2019 Order by not producing documents and records responsive to the Government's requests for production and for Marc's failure to fully respond to the two interrogatories. (*Id.* at 13–14.) To that end, the United States requests that the Court issue an order to show cause why Defendants should not be held in contempt and find the Defendants in contempt. (*Id.* at 13.) As to Marc, the United States seeks imposition of a daily fine of $500 or more until he complies with the Order. (*Id.*). The United States also seeks entry of an order precluding Marc from submitting evidence contesting some of the its claims that are the subject of the requests for production. (*Id.* at 14.)

Finally, if Marc does not comply, the Government seeks entry of an order of default against Marc or incarceration to coerce compliance. (*Id.*) As to Advanced Tax Services and Genson Financial, because they have not appeared in this case since the withdrawal of their attorney, and have otherwise not complied with the September 17, 2019 Order, it requests the Court strike their answer and enter default. (*Id.* at 13). On September 5, 2019, Marc responded to the instant Motion, asserting that he has produced everything in his possession responsive to the Government's request, and thus, should not be held in contempt. (Doc. 73.) Because Advanced Tax Services and Genson Financial do not have counsel, they have not responded. Local Rule 2.03(e).

On December 5, 2019, I held a hearing on the Motion for Sanctions to determine what discovery remained outstanding from my Order dated September 17, 2019. The Government conceded that Marc had produced some additional documents since the Order, but asserted that numerous documents remained outstanding, such as customer files for years 2016 and 2017. (*See* Doc. 71, 71-1, ¶¶ 1, 2.)

In response, Marc reiterated his position that he is not withholding any responsive documents and unequivocally stated that he has turned over everything responsive that he has in his possession. He sent numerous boxes to the Government and offered access to his storage facility in Orlando, Florida for additional inspection. Additionally, he has forwarded bank records to the Government and is following up with his bank to obtain any outstanding documents. The Government then stated it had asked Marc to produce training materials contained in a training binder. Marc indicated that he does not have a training binder but would resend training materials he had previously sent to the Government in response to its request for production. Thus, I issued an oral order directing Marc to do so by December 19, 2019. (Doc. 81.)

As to interrogatories 11 and 12, as of the date of the hearing, Marc had not provided better responses as ordered. However, Marc stated that he was unsure of how to provide a better answer than what he had previously provided. Interrogatory 11 requested Marc to identify all federal income tax returns he personally prepared from January 1, 2013 to present. (Doc. 59-9 at 4.) Marc initially responded that Drake Software declined to provide him with the requested information. (*Id.*). At the hearing, Marc stated that he did not prepare tax returns. Because that was not contained in his first answer to Interrogatory 11, I issued an oral order directing him to supplement his response on or before December 19, 2019. (Doc. 81.)

Interrogatory 12 asked Marc, if he claimed he did not prepare the tax returns that identify him as the tax preparer, to identify names of those whom he contends did prepare them. (Doc. 59-9 at 5.) In response to that interrogatory, Marc referred to a USB drive. (Doc. 59-9 at 12.) Marc stated at the hearing that he is aware of people who could have prepared these tax returns and gave the Government a list with that information. This list was not specifically referenced in the answer to Interrogatory 12 when handed over, but the Government stated it was in possession of the list.

Finally, Marc stated at the hearing that he is the principal of Advanced Tax Services and Genson Financial. To that end, I asked Marc whether he intended to retain counsel to represent those entities, as he was risking default of both Advanced Tax Services and Genson Financial in the pending Motion for Sanctions. Marc informed me that he would not be retaining counsel for these two entities with regard to the pending litigation.

## II.     STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey a court's order to provide discovery, the court may enter orders:

**(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

**(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

**(iii)** striking pleadings in whole or in part;

**(iv)** staying further proceedings until the order is obeyed;

**(v)** dismissing the action or proceeding in whole or in part;

**(vi)** rendering a default judgment against the disobedient party; or
**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Thus, Rule 37 allows for the imposition of sanctions against litigants, including *pro se* litigants, for failure to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III.    DISCUSSION

### A.  Advanced Tax Services and Genson Financial

Defendants Advanced Tax Services and Gensen Financial Group have not defended themselves in this case since the withdrawal of their attorney on August 26, 2019. (Doc. 66.) To that end, they have not complied with the Court's September 17, 2019 Order to produce additional responsive documents. The United States requests that the Court strike their answer and enter default as a result. (Doc. 71 at 13.)

Local Rule 2.03(e) states, "A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." *See also Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005) (applying Local Rule 2.03(e) to limited liability companies). The Court has previously issued warnings to Advanced Tax Services and Genson Financial to retain successor counsel or risk default. (Doc. 66 at 2; Doc. 69

at 3, n.2.) Other Courts in the Middle District have stricken pleadings and entered default against parties as sanctions for failure to participate in the litigation. *See Broadcast Music, Inc. v. Mbratta Enters., Inc.*, No. 2:14-cv-125-FtM-29CM, 2015 WL 3765200, *1 (M.D. Fla. June 16, 2015); *Loos v. Club Paris, LLC*, No. 6:07-cv-1376-Orl-31-GJK, 2009 WL 1458040, at *1 (M.D. Fla. May 26, 2009); *Varela v. Innovative Writing Sols., LLC*, No. 6:07-cv-165-Orl-28KRS, 2008 WL 2700053, at *1 (M.D. Fla. July 8, 2008). "It is a long held principal that corporations must be represented by counsel because they are artificial entities that can only act through agents." *Broadcast Music,* 2015 WL 3765200, *2.

Here, the Court gave Advanced Tax Services and Genson Financial from August 26, 2019, when the Court granted the Motion to Withdraw, until December 4, 2019, the date of the hearing on the Motion for Contempt, to retain new counsel (Doc. 66, 79.) The Court advised these Defendants on at least two occasions of the consequences of failure to obtain new counsel. (Doc. 66, 69.) Procedurally, courts have found it proper to enter such sanctions without an order to show cause, in circumstances where, as here, the party was warned of such sanctions, a motion for sanctions was filed, and the party has an opportunity to respond. *Broadcast Music,* 2015 WL 3765200, *3 & n.3; *cf. Loos*, 2009 WL 1458040, at *3. Due to Advanced Tax Services and Genson Financial's failure to retain new counsel and failure to comply with the Court's September 17, 2019 Order, the undersigned respectfully recommends that the Court sanction Advanced Tax Services and Genson Financial in the form of striking their answer and directing the clerk to enter defaults against them. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

### B. Marc

The Government contends that Marc should be held in contempt and sanctioned for failure to fully comply with the Court's September 17, 2019 Order directing him to provide responsive

documents to certain requests for production and to fully answer interrogatory numbers 11 and 12. (Doc. 71.) Marc has responded that he is not in contempt of the Court's Order and thus, should not be sanctioned. (Doc. 73.)

The Government moves to hold Marc in contempt pursuant to the Court's inherent authority. (Doc. 71.) District courts have inherent power to enforce compliance with their orders through civil contempt. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980). "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (per curiam). Once the moving party makes a *prima facie* showing that a violation has been made, "the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply." *Id.* "[T]he absence of willfulness is not a defense to a charge of civil contempt." *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010). "[S]ubstantial, diligent, or good faith efforts are not enough; the only issue is compliance." *Id.* The focus is not "on the subjective beliefs or intent of the alleged contemners in complying with the order, but whether in fact their conduct complied with the order at issue." *Id.* at 1233 (internal quotation marks omitted).

The Government argues that Marc is in contempt because he has produced some, but "likely not all" customer files following the Court's September 17, 2019 Order. (Doc. 71 at 9.) Specifically, the Government states that Marc must have additional customer files for the years 2016 and 2017 because Marc has produced so few of them. (*Id.* at 3.) The Government also states that Marc has not provided supplemental answers to Interrogatories 11 and 12.

As to the production of documents, Marc has maintained that he has produced all responsive documents and continues to follow up with his bank for outstanding financial records.

(Doc. 73.) As Marc has stated in his response in opposition to the Motion for Sanctions, as well as to the undersigned, he has searched for and sent all responsive documents in his possession. On this topic, he has committed to this position. Moreover, the Government has not pointed to any evidence indicating that Marc has otherwise not complied with this Court's Order as to the requests for production. *See Thermoset Corp v. Building Materials Corp. of Am.*, No. 4-60268-CIV, 2014 WL 6473232, at *4 (S.D. Fla. Nov. 18, 2014) ("The Court . . . cannot compel a party to provide information or produce documents that it does not have in its possession, custody, or control.").

As to the Interrogatories, at the hearing, Marc explained he did not understand how better to answer Numbers 11 and 12. However, after a discussion on the record, Marc indicated that he understood how he needed to clarify his response to Interrogatory Number 11, which I ordered him to do. (Doc. 81.) It is true that Marc did not provide supplemental interrogatory responses to my September 17, 2019 Order. But district courts have broad discretion in their use of civil contempt powers, and it is a power I do not recommend using to enforce compliance here. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966). At the hearing, Marc indicated his willingness to supplement his answer to Interrogatory 11. As to Interrogatory 12, after clarification at the hearing, I find that the list Marc previously provided to the Government containing the names of individuals who could have prepared tax returns using his information to be sufficient.

Thus, I do not find that the United States has provided clear and convincing evidence that Marc has violated the September 17, 2019 Order. *Wellington Precious Metals, Inc.*, 950 F.2d at 1529. Consequently, I respectfully recommend the Court deny the Motion for Sanctions as to Marc.

## IV.    RECOMMEDATION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT IN PART and DENY IN PART** the United States' Motion to Hold MarcGenson Marc, Advanced Tax Services, Inc., and Genson Financial Group, LLC in Contempt (Doc. 71) as follows:

1.  **GRANT** the Motion as to Advanced Tax Services, Inc. and Genson Financial Group, LLC;

2.  **STRIKE** the Answer (Doc. 28) as to Advanced Tax Services, Inc. and Genson Financial Group, LLC only;

3.  **DIRECT** the Clerk of Court to enter default against Advanced Tax Services, Inc. and Genson Financial Group, LLC; and

4.  **DENY** the Motion as to MarcGenson Marc.

## <u>NOTICE TO PARTIES</u>

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on December 16, 2019.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties